# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Gricelda Rosetto, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-00813-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| HSBC Bank USA, N.A.; and National Default ) | |
| Servicing Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion for Temporary Restraining Order (ECF No. 5) filed by Plaintiff Gricelda Rosetto against Defendants HSBC Bank USA, N.A. ("HSBC") and National Default Servicing Corporation ("NDSC") (collectively, "Defendants").[1]

## I. BACKGROUND

This action arises out of the foreclosure proceedings initiated against the property of Plaintiff, and was removed to this Court on May 8, 2013 by Defendant HSBC. (Notice of Removal, ECF No. 1.) Plaintiff's Motion for Temporary Restraining Order (ECF No. 5) was filed on May 14, 2013, and consists, in its entirety, of a quotation from Section 107.080 of the Nevada Revised Statutes, and the following argument:

> COMES NOW Plaintiff, GRICELDA ROSETTO, an individual, and herein requests that a restraining order issue prohibiting Defendant from conducting a Trustee's sale of the property which is the subject of the instant litigation.
>   Plaintiff previously instituted this action to Quiet Title and for injunctive relief to bar any sale of the property located at 3013 Ocean Port Dr., Las Vegas, Nevada.
>   Defendant has nonetheless noticed a Trustee Sale.
> [quotation from Nev. Rev. Stat. § 107.080]
>   In the instant matter, the Plaintiff has filed the instant suit and filed a notice

---

[1] Defendant HSBC filed an opposition (ECF No. 7), on which the Court does not rely in denying Plaintiff's motion.

1  of lis pendens.  Thus, any sale herein would be void under Nevada law.

2  (Mot. TRO, ECF No. 5.)[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

Preliminary injunctive relief requires a moving party to establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of

---

[2] An almost identical motion was filed by Plaintiff's counsel, Mitchell Posin, Nevada Bar No. 2840, in a separate case, and the Court denied the motion for the same reasons discussed here. Order Denying Motion for TRO, *Mallas v. New York Cmty. Bank*, No. 2:12-cv-01445-GMN-GWF, 2012 U.S. Dist. LEXIS 128004 (D. Nev. Sept. 10, 2013), ECF No. 10.

an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

## II. DISCUSSION

First, the Court recognizes that the Local Rules of Practice for the District of Nevada require a motion to be supported by a memorandum of points and authorities. D. Nev. R. 7-2(a). "The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." D. Nev. R. 7-2(d).

Here, Plaintiff has failed to include a memorandum of points and authorities pursuant to Local Rule 7-2(a). Even if Plaintiff's quotation to Section 107.080 of the Nevada Revised Statutes were to qualify as points in authorities in support of the motion, Plaintiff has also failed to include the required certification pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

In addition to these procedural failures, Plaintiff has also failed to provide any factual basis for the Court to grant this motion on the merits. Plaintiff gives no explanation of when the notice of trustee sale was recorded, what time the sale is set to occur, nor any legal argument justifying the request. Accordingly, the Court likewise cannot find any basis on which to grant the motion.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order (ECF No. 5) is **DENIED**.

**DATED** this __15__ day of May, 2013.

_____
Gloria M. Navarro
United States District Judge