UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GRICELDA ROSETTO, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> HSBC BANK USA, N.A.; and NATIONAL ) <br> DEFAULT SERVICING CORPORATION, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:13-cv-00813-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 12) filed by Defendant HSBC Bank USA, N.A. ("HSBC"). Plaintiff Gricelda Rosetto, who is represented by counsel, filed no opposition, and the response deadline has expired. (*See* Notice of Non-Opposition, ECF No. 15.)

I.      **BACKGROUND**

This action arises out of the foreclosure proceedings initiated against the property located at 3013 Ocean Port Dr., Las Vegas, NV, 89117, APN #: 163-07-720-003 ("the property"). (Notice of Removal, ECF No. 1.)  In her Complaint, Plaintiff alleges that "Defendant Quality Loan Service Corp initiated foreclosure proceedings against Plaintiff." (Compl., ECF No. 1.)  However, the only Defendants named in the Complaint are HSBC and National Default Servicing Corporation (collectively, "Defendants"). (*Id*.)

Plaintiff requests that the Court quiet title in her name and grant injunctive relief. (Compl., ECF No. 1.)  Plaintiff's sole claims supporting her requested relief are: (1) that the Deed of Trust "is void as it was improperly assigned and/or transferred to the Foreclosing Defendants from the original lender"; (2) "PLAINTIFF is not the holder of the Note"; and (3) "the Note and Deed of Trust have been split." (*Id*.)

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

### III.   DISCUSSION

As the Court pointed out in its previous Order (ECF No. 9), the Local Rules of Practice for the District of Nevada require a motion to be supported by a memorandum of points and authorities, and "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). Therefore, Plaintiff's failure to oppose the Motion to Dismiss (ECF No. 12) constitutes consent

to granting of the motion.

The Court additionally finds that the motion may be granted on the merits, as well. Here, the Court finds that Plaintiff has not given Defendants fair notice of a legally cognizable claim and the ground on which it rests, where her claims are that there was an improper assignment or transfer from the original lender, that the Note and Deed of Trust have been split, or that some Defendant is not the holder of the Note. The most identifiable deficiency in Plaintiff's allegations is her failure to clearly allege which of the two Defendants committed which specific violations. However, even construing each of Plaintiff's allegations as against each Defendant individually, the Court finds that Plaintiff's pleading fails to meet the applicable standards.

First, Plaintiff has failed to plead a legally cognizable cause of action justifying the relief of quiet title or injunctive relief. Nevada statutes provide that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). "Moreover, there is a presumption in favor of the record titleholder." *Id*. However, Plaintiff does not allege that she can prove good title in herself; and Plaintiff's allegations that the Deed of Trust is void and that it has been split from the Note do not support a legally cognizable cause of action.

Second, even construing Plaintiff's allegation that "PLAINTIFF is not the holder of the Note" to allege instead that one or both of Defendants "is not the holder of the Note," the Court cannot find that Plaintiff has met her burden to allege sufficient facts showing that a violation on the part of Defendants is plausible, or that Plaintiff can show good title in herself. Likewise, the Court's review of the publicly recorded documents relating to the property provides no support for the factual deficiencies in Plaintiff's allegations. (*See* Request for Judicial Notice,

ECF No. 13.)  Accordingly, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted.

Finally, the Court finds that denial of leave to amend is appropriate here because it is clear that the deficiencies cannot be cured by amendment where Plaintiff has failed to oppose the motion, to request leave to amend, or to provide sufficient basis in the Complaint to indicate the possible existence of facts that may cure the deficiencies described above.  This is particularly evident where: (1) Plaintiff has failed to oppose the instant Motion to Dismiss (ECF No. 12); (2) Plaintiff's Complaint (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 5) fall far below the required legal standards; and (3) Plaintiff has failed to explain or remedy the problems after receiving notice from the Court.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 12) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED with prejudice**.  The Clerk of the Court shall enter judgment accordingly.

**DATED** this 23rd day of July, 2013.

_____
Gloria M. Navarro
United States District Judge